IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-05-40-L |
| ) | |
| JACOB T. WILFONG, ) | |
| ) | |
| Defendant. ) | |

# O R D E R

On March 1, 2005, a federal grand jury returned an eight count indictment against defendant and seven co-defendants. All defendants were charged in Count 1 of the indictment with conspiring to violate 18 U.S.C. § 1029(a)(1) by trafficking in or using one or more unauthorized access devices. In addition to the conspiracy count, defendant was charged in Count 2 with violating 18 U.S.C. § 1028A(a)(1), which provides that:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1).

On April 21, 2005, defendant pled guilty to the § 1028A count. In exchange, the government agreed to dismiss the conspiracy count. The plea agreement provided that:

> The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(B). Defendant also acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant.

Plea Agreement at to Jacob T. Wilfong at ¶ 7 (Doc. No. 133). In addition, during the plea colloquy, the court specifically informed defendant that it was not a party to the plea agreement and that it could reject that agreement if it determined the agreement did not meet the ends of justice. Defendant acknowledged his understanding of this statement. Co-defendants Keith W. Moore, Gregory B. Giglio, Darek W. Johnson, and Misti D. Walkonen likewise entered into plea agreements with the government and pled guilty the 1028A charge.[1]

On June 24, 2005 and June 27, 2005, the court informed the defendants who had pled guilty that it was rejecting the parties' plea agreements. The court found that the agreements did not meet the ends of justice given that defendants with vastly different levels of culpability would receive the same sentence and the court would have no discretion in that regard. The court informed defendants that they could withdraw their guilty pleas and the court would set this matter for trial on the August or September 2005 trial docket. None of the defendants, including Wilfong,

---

[1]The indictment was dismissed without prejudice with respect to defendant Todd A. Willis upon motion of the government on April 26, 2005. On March 18, 2005, defendant Michelle L. Fischer was charged by means of a Superseding Information with one count of violating 18 U.S.C. § 1029(a)(2). The indictment as to Fischer was dismissed at sentencing on July 29, 2005.

objected to an August or September trial setting. The court gave defendants until July 1, and July 5, 2005 to determine whether to withdraw their pleas of guilty. On June 30, 2005, defendant Giglio requested a seven-day extension of time in which to make this decision; Wilfong made a similar request on July 1, 2005. The court granted defendants' requests in Orders issued July 1, 2005. On July 8, 2005, Wilfong withdrew his plea of guilty. That same date, Giglio and Moore filed motions asking the court to reconsider the rejection of the plea agreements. The government responded to the motions on July 15, 2005 and the court denied the motions on July 19, 2005. In its July 19, 2005 Order, the court set this matter for trial beginning September 12, 2005.

On September 12, 2005, Wilfong for the first time raised issues relating to the Speedy Trial Act, 18 U.S.C. § 3161. Specifically, Wilfong argues that the indictment should be dismissed due to the government's failure to indict him within 30 days of arrest in violation of 18 U.S.C. § 3161(b). Wilfong also claims a violation of his right to be tried within 70 days; he argues that 80 days have passed since the court rejected his plea agreement. In addition to his claims pursuant to the Speedy Trial Act, Wilfong urges the court to reconsider its decision to reject his plea agreement.

The government admits Wilfong was not indicted until the 31st day following his arrest. The court, however, finds defendant was not prejudiced by this one day delay. His failure to even mention this issue until the day of trial is telling. Wilfong's speedy trial complaint is without merit. The Act specifically provides:

> If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty . . . subsequently withdrawn to any or all charges in an indictment . . . the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea becomes final.

18 U.S.C. § 3161(i).  The order permitting Wilfong's withdrawal of his guilty plea became final on July 8, 2005 when he notified the court that he withdrew his previous plea of guilty.  The trial date of September 12, 2005 was well within the 70-day time limit of the Act.  Furthermore, the Act excludes from the 70-day limit "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(7).  An exclusion for delay "attributable to one defendant is applicable to all co-defendants." United States v. Mobile Materials, Inc., 871 F.2d 902, 915 (10th Cir.1989).  In this case, Wilfong did not seek a severance from his co-defendants and did not zealously pursue a speedy trial.  Indeed, Wilfong did not object to a September trial setting until the day of trial.  The court finds defendant has suffered no prejudice.  Furthermore, the efficiency of a single trial of the multiple defendants in this case argues in favor of excluding the delay associated with motions presented by Wilfong's co-defendants.  The court finds the ends of justice served by delaying trial to September 12, 2005 outweigh the interest of the public and defendant in a speedy resolution of this matter.  Finally, the court finds

no reason to reconsider its ruling rejecting the plea agreement in this case. Defendant Wilfong's oral motion to dismiss is therefore DENIED.

It is so ordered this 13th day of September, 2005.

_____
TIM LEONARD
United States District Judge